OSKINS, PETITIONER, *v.* SACKS, WARDEN, RESPONDENT.

Ohio Appeals, Tenth District, Franklin County.

No. 6691.   Decided March 21, 1961.

*Mr. Clifford O. Oskins,* for himself.
*Mr. Mark McElroy,* attorney general, *Mr. Aubrey Wendt,* assistant attorney general, for respondent.

*Per Curiam.* The above described case was taken under advisement by this court. The petitioner asked for his release on a writ of habeas corpus and set forth two grounds only why the writ should be allowed.

The first objection had to do with the alleged error of the trial court in permitting a child of the age of seven years to testify against the petitioner. The other objection had to do with petitioner's inability effectively to compel the attendance of a witness on his behalf. Neither of these was considered by this court in light of the allegations and evidence offered in support thereof to be within the scope of an action for a writ of habeas corpus. However, it was noted that in the return filed on behalf of the Warden of the Ohio Penitentiary, there were two documents each certified to by the Clerk of Courts and each purporting to set forth, by description, the crime with which the petitioner was charged by indictment and the crime of which the petitioner was found guilty. In a document entitled "Certified Copy of Sentence," it was stated that Oskins was indicted for "Carnally knowing and abusing" and that Oskins was

"found guilty of carnally knowing and abusing." In the same document it is stated that Oskins is to be imprisoned in the penitentiary "and that said imprisonment shall be for a period of duration not less than one (1) nor more than fifteen (15) years."

Section 2905.03, Revised Code defines the offense of "Carnal knowledge of female under sixteen" and provides a penalty of "not less than one nor more than twenty years," in the penitentiary.

Another document in the same file designated as a "Journal Entry" signed by the trial judge and bearing the approval of the prosecuting attorney and another individual, not identified, but who apparently was defense counsel, contains the following language in part: "said defendant having heretofore been found guilty by a Jury under an Indictment charging him with attempted rape, * * *."

The entry further states that "said defendant be sentenced to the Ohio State Penitentiary for a period of not less than one (1) year nor more than fifteen (15) years, * * *."

The offenses described in Sections 2905.03 and 2905.04, Revised Code, contain different elements and carry penalties with a different maximum. However, on further consideration and the court having been advised that the appeal of the petitioner from the original conviction is still pending, it is concluded that either of the two certificates of sentence is sufficient to warrant the detention of the petitioner by the Warden, that whatever prejudice may arise by virtue of the conflicts above referred to may appropriately be called to the attention of the court hearing the direct appeal, that the writ should be denied and the petitioner remanded to the custody of the Warden and it is so ordered.

DUFFEY, P. J., BRYANT and DUFFY, JJ., concur.